IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L. QIYAM POGUE, et al.,

      Plaintiffs,                      No. CIV S-05-1873 MCE GGH P

      vs.

JAMES E. TILTON, Acting Secretary of
the California Department of Corrections
and Rehabilitation, et al.,             ORDER

      Defendants.

_____/

      Plaintiffs are state prisoners proceeding pro se.  Plaintiffs seek relief pursuant to 42 U.S.C. § 1983.  Plaintiff Pogue has been granted leave to proceed in forma pauperis.  See Order, filed on October 13, 2005.  Although upon screening the complaint the court determined that this case might be appropriate for appointment of counsel, voluntary counsel could not be procured.  See Orders, filed on October 13, 2005, and on January 13, 2005.  The court has no alternative but to deny plaintiff Pogue's subsequent request for assistance in locating an attorney.

      Plaintiff Pogue purports to have filed a motion, pursuant to Fed. R. Civ. P. 23, seeking to have the court certify the instant matter as a class action.  Despite the efforts of the undersigned, as noted, voluntary counsel could not be secured in this case, where eight other Muslim inmates have sought to join plaintiff in this action alleging violations of their

1

constitutional right to practice their religion, as well as violations under RLUIPA (Religious Land Use and Institutionalized Persons Act, codified at 42 U.S.C. § 2000cc).  Thus, plaintiff Pogue is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Plaintiff's privilege to appear in propria persona is a "privilege ... personal to him.  He has no authority to appear as an attorney for others than himself." McShane v. U. S., 366 F.2d 286, 288 (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).  Therefore, it is likely that plaintiff can bring this action only on his own behalf.[1]  This action, therefore, will not presently be construed as a class action and, instead, will proceed as an individual civil suit brought by plaintiff Pogue.

Plaintiff also seeks injunctive relief in the form of a court order compelling Pleasant Valley State Prison to alter its law library schedule.  Plaintiff complains that the law library is open only two and one/half days a week and that this is unacceptable because he is pursuing four civil actions.  The court construes plaintiff's motion as a request for a protective order.  Matters that go to requests for procedures to be utilized within a litigation (if the requests are directed to a party) are not injunctive relief requests.  Matters appropriate for injunctive relief go to the *merits* of an action.  State of New York v. United States Metals Refining Co., 771 F.2d 796, 801 (3rd Cir. 1985).  Plaintiff's requests for a court order for law library access for purposes of litigating this case do not go to the merits of the instant complaint.

---

[1] No motion for class certification has been made.

Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may determine any pretrial matter except "dispositive" motions). Therefore, the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by § 636(b)(1)(B). See, e.g., Grimes v. City and County of San Francisco, 951 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day during period of non-compliance with discovery orders to ensure compliance). It is only when the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an action that orders under § 636(b)(1)(A) are precluded. See, e.g., Reynaga v. Cammisa, 971 F.2d 414 (9th Cir. 1992).

As plaintiff's request does not go to the merits of plaintiff's action, this matter may be handled by court order. Plaintiff does not state that he is being impeded from the filing of any specific motion or response to a motion in the instant case, the only action the jurisdiction of which this court may concern itself. Plaintiff seeks a minimum of twenty hours a week of law library access, and although he expresses concern that otherwise he will not be able to maintain this action, he does not demonstrate that, for the purposes of prosecuting this action, he has suffered any actual impediment.

Plaintiff has not met his burden to show that he is being denied access to the courts in having wholly failed to allege an actual injury. Lewis v. Casey, 518 U.S. 343, 362, 116 S. Ct. 2174 (1996). The Supreme Court has held that a prisoner alleging denial of meaningful access to the courts must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180 (1996). To show a denial of access to the courts claim that might warrant

a protective order, plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id.  Plaintiff has simply made an inadequate showing that, in this case, he is being precluded or thwarted in his efforts to proceed.  In short, plaintiff fails to allege an actual injury sufficient to warrant intervention by this court in the form of a protective order. The court will deny plaintiff's insufficiently founded request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 16, 2006, motion for this action to be certified as a class action is deficient and is denied; plaintiff must proceed in this action solely as an individual plaintiff;

2. Plaintiff's February 16, 2006, request for a preliminary injunction, construed as a motion for a protective order, is denied.

3. Plaintiff's June 29, 2006, for additional assistance in locating counsel is denied.

DATED: 10/17/06                            /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
pogu1873.dny

4