IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L. QIYAM POGUE,

        Plaintiff,                    No. CIV S-05-1873 MCE GGH P

    vs.

JAMES E. TILTON, Acting Secretary of
the California Department of Corrections
and Rehabilitation, et al.,           ORDER

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By Orders, filed on October 17, 2006, and on April 30, 2007, the court made clear that this action proceeds only as to plaintiff Pogue. Nevertheless, various inmates, from inside and outside the state, have filed letters, complaining of unfair conditions with regard to the practice of their religion, such as an inappropriate diet for Muslim inmates, seeking information about this action, to join in this action or to commence their own action. See docket entry nos. 43-50, 53-58. As to those who wish to be assigned a case number to proceed in his own individual complaint in this jurisdiction, if this is the appropriate jurisdiction, each may do so by simply filing a civil rights action pursuant to 42 U.S.C. § 1983, and either filing an in forma pauperis affidavit that makes the showing required by 28 U.S.C. § 1915(a), or by paying the required $350

1

filing fee. 28 U.S.C. §§ 1914(a), 1915(b)(1). The court will direct the Clerk of the Court to serve this order upon, in addition to the parties to this action, those inmates who filed inquiries and provided addresses in docket entries 43-50, 53-58. However, in future, the court will simply not address any other inquiries, motions or requests made by any group of inmates or any inmate other than the plaintiff in this action.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court shall serve this order, in addition to the parties to this action, upon those inmates who have provided mailing addresses with their inquires in docket entries 43-50, 53-58;[1]

2. Future requests from inmates other than plaintiff are henceforth to be deemed inapposite to this matter and will not be addressed by the court.

DATED: 9/25/07

/s/ Gregory G. Hollows

———————————————
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
pogu1873.ntc

---

[1] Where a group of inmates have made a motion, request or inquiry, the order should be served only upon the individual who filed the document, if a mailing address was provided.