1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   L. QIYAM POGUE, et al.,

11            Plaintiffs,                 No. CIV S-05-1873 MCE GGH P

12        vs.

13   JAMES E. TILTON, Acting Secretary of
     the California Department of Corrections
14   and Rehabilitation, et al.,

15            Defendants.                 ORDER

16   _____/

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

18   filed pursuant to 42 U.S.C. § 1983.  By amended order filed April 30, 2007, plaintiff's first

19   amended complaint was dismissed, the claims of his seven co-plaintiffs severed from this action,

20   and each plaintiff granted leave to file a second amended complaint.  Plaintiff in this case has

21   filed a second amended complaint.

22          The court construes plaintiff's second amended complaint as one brought on those

23   claims for which he has standing.  That is, to the extent that plaintiff claims that his rights under

24   the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized

25   Persons Act (RLUIPA) are violated because he is not permitted to attend Jumu'ah prayer services

26   on Fridays without being charged custody credits; that he is being penalized for wearing his

1

1  beard and hair in accordance with his beliefs; that he is being denied a Halal diet; and that his

2  right to practice his religion is otherwise infringed at the prison at Pleasant Valley State Prison

3  (DVSP) where he is incarcerated, plaintiff states a cognizable claim for relief pursuant to 42

4  U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the second amended complaint

5  are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

6          However, plaintiff may not make broad and generic claims against all California

7  Department of Corrections and Rehabilitation (CDCR) facilities and, by concurrently filed

8  Findings and Recommendations, the court will recommend dismissal of plaintiff's claims against

9  all unnamed wardens of CDCR prisons, firecamps and community correctional facilities, as well

10  as plaintiff's claims against CDCR itself.  Instead, plaintiff will be permitted to proceed against

11  the warden of the facility where he is currently incarcerated, James A. Yates, Pleasant Valley

12  State Prison (PVSP) warden, as well as against defendants Woodford, Hickman, and Tilton.  In

13  addition, defendant Woodford has already been served, and remains in this action in her

14  individual capacity, while defendant Tilton has already been substituted in, in his official

15  capacity only, for defendant Woodford, but has not been served in his personal capacity.  See,

16  Orders, filed on 1/13/06, 2/24/06, 9/8/06.  Therefore, this action already proceeds against

17  defendant Woodford in her individual capacity and the court will not duplicatively order re-

18  service upon her.

19          On June 19, 2007, defendants Woodford and Tilton filed a motion for the court to

20  screen the second amended complaint and for a protective order to stay discovery.  Although the

21  motion has been filed on behalf of both defendants Woodford and Tilton, the court has noted that

22  Secretary Tilton has not been served in his individual capacity, and the court will require that he

23  be so served.  As to defendants' motion to screen the second amended complaint, pursuant to 28

24  U.S.C. § 1915A, the court sees little point in requiring plaintiff to file a third amended complaint

25  but construes the allegations as cognizable only to the extent they are applicable to plaintiff at

26  PVSP.  With regard to defendants' motion for a protective order to stay discovery, that motion is

1  denied because it is overbroad.  Defendants complain that plaintiff in his requests for discovery

2  seek information concerning all thirty-three prisons.  In order to adjudicate plaintiff's pending

3  motions to compel, the court must review the requests for their relevance to his claims regarding

4  PVSP's policies toward Muslim inmates.  In other words, plaintiff may be permitted to seek

5  discovery with respect to CDCR policies and procedures that implicate PVSP's policies,

6  conditions, procedures, affecting the manner in which plaintiff is permitted to practice his

7  religion in that facility.  This question cannot be resolved until plaintiff's motions to compel are

8  adjudicated.  Defendants opposed, on May 21, 2007, plaintiff's motion to compel, filed on May

9  3, 2007, and plaintiff filed his reply on June 6, 2007.  Plaintiff filed, on August 1, 2007, another

10 motion to compel to which defendants do not appear to have filed a response.  Because the court

11 herein denies defendants' motion for a protective order, the court will grant defendants twenty

12 days to file a response to plaintiff's second discovery motion.  The court will adjudicate both

13 motions to compel, once the second motion has been submitted.

14        In accordance with the above, IT IS HEREBY ORDERED that:

15        1.  Defendant Woodford, against whom plaintiff proceeds in her individual or

16 personal capacity, and who has already been served, is directed to file a response to the second

17 amended complaint within 30 days;[1]

18        2.  Service is appropriate for the other following defendants: CDCR Secretary

19 Tilton, in his individual capacity;[2] Roderick Hickman, in his individual capacity;[3] Warden Yates;

20

---

21        [1] Although defendant Woodford waived her right to reply on 4/28/06, the court now
   directs her to do so, pursuant to 42 U.S.C. § 1997e(g)(2).

22

23        [2] Defendant Woodford's waiver of service was filed on 5/1/06.  Defendant Tilton has
   been previously substituted in in his official capacity for defendant Woodford.  See, Order, filed
24 on 9/8/06.  Defendants Yates is sued in both his individual and official capacities.

25        [3] Defendant Hickman was defendant Woodford's successor in office followed by
   defendant Tilton, thus plaintiff's claims for prospective injunctive relief against defendant
   Hickman in his official capacity have been rendered moot, but must proceed, to the extent that
26 they are colorable, against him only in his individual capacity.

1    3.  The Clerk of the Court shall send plaintiff three (3) USM-285 forms, one

2    summons, an instruction sheet and a copy of the second amended complaint filed May 14, 2007.

3    4.  Within thirty days from the date of this order, plaintiff shall complete the

4    attached Notice of Submission of Documents and submit the following documents to the court:

5    a.  The completed Notice of Submission of Documents;

6    b.  One completed summons;

7    c.  One completed USM-285 form for each defendant listed in number 2

8    above; and

9    d.  Four (4) copies of the endorsed second amended complaint filed May

10   14, 2007.

11   5.  Plaintiff need not attempt service on defendants and need not request waiver of

12   service.  Upon receipt of the above-described documents, the court will direct the United States

13   Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

14   without payment of costs.

15   6.  Defendants' June 19, 2007, motion to screen the amended complaint is denied

16   as moot;

17   7.  Defendants' June 19, 2007, motion for a protective order to stay discovery is

18   denied as overbroad;

19   8.  Defendants are granted twenty days from the date of this order to file a

20   response to plaintiff's August 1, 2007, motion to compel discovery.

21   DATED: 9/25/07

22                                    /s/ Gregory G. Hollows
                                      _____
23                                    UNITED STATES MAGISTRATE JUDGE

24   GGH:009
     pogu1873.1+

25

26

4

1

2

3

4

5

6

7

8                               IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    L. QIYAM POGUE,

11              Plaintiff,                        No. CIV S-05-1873 MCE GGH P

12        vs.

13    JAMES E. TILTON, Acting Secretary of
      the California Department of Corrections
14    and Rehabilitation, et al.,                NOTICE OF SUBMISSION

15              Defendants.                       OF DOCUMENTS

16    _____/

17              Plaintiff hereby submits the following documents in compliance with the court's

18    order filed _____:

19              ___1___        completed summons form

20              ___3___        completed USM-285 forms

21              ___4___        copies of the  May 14, 2007
                                              Second Amended Complaint
22    DATED:

23

24                                               _____

25                                               Plaintiff

26