IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L. QIYAM POGUE,

        Plaintiff,                  No. CIV S-05-1873 MCE GGH P

   vs.

JEANNE WOODFORD, Director of
the California Department of Corrections,
et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff filed a document entitled "notice to defendants' counsel that plaintiff moves to confer with counsel on the scope of questions to be presented at the deposition of plaintiff."  Plaintiff references a scheduled 8/6/08 deposition that defendants have noticed and prior to the taking of his deposition he wishes to confer with defendants' counsel to ascertain that questions directed to him will be limited to the scope of the complaint.  Citing Fed. R. Civ. P. 30(d)(3)(A), plaintiff asserts that he will answer no question "that embarrasses, annoys or oppresses him." Rule 30(d)(3)(A) does not contemplate that a party have a pre-deposition conference; rather it states, in relevant part:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party.

It is unclear precisely how plaintiff seeks to limit the scope of his testimony but defendants are under no obligation to confer with him before the taking of a properly noticed deposition. Plaintiff is cautioned that should he refuse to cooperate in the taking of his deposition simply because he might be asked some background facts, the asking of such questions would not constitute an unreasonable annoyance, and plaintiff might incur sanctions for failing to cooperate in the discovery process, including sanctions up to the terminating sanction of dismissal of this action. If plaintiff reasonably objects to a question, he may interpose an objection for the record and state the good faith basis therefore, but he must continue his testimony. Fed. R. Civ. P. 30(c)(2).

Accordingly, IT IS ORDERED that plaintiff's request to confer with counsel prior to his deposition on the scope of questions to be presented at the deposition, filed on 7/21/08 (# 115) is denied.

DATED: 08/04/08

/s/ Gregory G. Hollows

U.S. MAGISTRATE JUDGE

GGH:009
pogu1873.dny2