IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L. QIYAM POGUE, et al.,

        Plaintiffs,                  No. CIV S-05-1873 MCE GGH P

    vs.

JAMES E. TILTON, et al.,

        Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief under 42 U.S.C. § 1983. On September 30, 2009, the district judge adopted the findings and recommendations of the undersigned, filed on August 26, 2009, denying defendants' motion to dismiss and for summary judgment with regard to administrative exhaustion and as to Claim 4 (halal/kosher diet) as listed on the merits (both RLUIPA and First Amendment) for prospective relief purposes, as well as granting the summary judgment motion on the merits for Claims 1, 2, 3, 5 and 6 and determining that the defendants sued in their individual capacity are entitled to qualified immunity as to Claim 4. See Docket # 154.

\\\\\

\\\\\

\\\\\

1

Both before and subsequent to the adopting order, various inmates have filed putative motions for joinder,[1] predicated on their interest in being permitted the kosher diet, the prospective injunctive relief claim upon which this matter proceeds. These inmates apparently believe that the denial of the summary judgment motion as to this claim means that defendants have already been directed to provide plaintiff herein with a kosher diet until such time as a halal diet may be implemented, but that is not the case, as judgment has not been entered for plaintiff on that claim; rather, this matter is proceeding on the claim for a halal/kosher diet, but there has been no ultimate adjudication.

In addition, it appears that these individuals mistakenly believe that they have standing to bring a motion for appointment of counsel as well as a motion, pursuant to Fed. R. Civ. P. 23, to be certified as a class action; however, none of these individuals are parties to this action. Moreover, even if any of these individuals were parties, it is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966)(lay person lacks authority to appear as an attorney for others). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). See Fed. R. Civ. P. 23(a)(4)(requiring that class representative be able "to fairly and adequately protect the interests of the class").

In addition, for the court to re-initiate a search for appointment of counsel[2] or to permit joinder at this point would greatly complicate this litigation, opening the floodgates to the filing of numerous and varied new motions and otherwise impeding the progress of this case. Furthermore, only one of those requesting joinder, William Bonner, was ever a co-plaintiff in this

---

[1] These are distinct from prior inquiries from various inmates whose filings were addressed and deemed inapposite in an Order, filed on September 26, 2007 (Docket # 60).

[2] Before separating the original complaint into separate cases, this court had expended time and resources in a fruitless search for voluntary counsel to serve pro bono on behalf of the pro se co-plaintiffs who had initially filed this complaint. See, e.g., Docket # 8.

action and he already is proceeding in a separate case, Case No. CIV S- 07-810 MCE GGH P, which has been severed from this action since April 30, 2007.[3]  Docket # 30.  As to the other individuals, each is free to initiate a separate action.  In doing so, each may argue that this case is appropriate for the purpose of asserting collateral estoppel of any argument by defendants that a Muslim inmate does not have a claim under RLUIPA or the First Amendment for entitlement to the kosher diet.

Accordingly, IT IS ORDERED that the motions for joinder, filed on 9/28/09 (docket # 151 and # 152); on October 14, 2009 (docket # 155 and # 156), and on October 16, 2009 (docket # 157), are DENIED.  Further, the Clerk of the Court is directed to disregard any future motions for joinder by non-parties.

DATED: October 22, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
pogu1873.ord

---

[3] A Scheduling Order was filed in Case No. CIV S-07-0810, on July 23, 2009 (Docket # 16 in 07-810), and, as noted, it is on-going.